[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR PROTECTIVE ORDER AND OBJECTION THERETO
A Motion for Protective Order dated January 2, 2001 was filed in this Court on January 3, 2001. This Motion for Protective Order requested oral argument and on January 23, 2001 the same was granted by Judge Peck. Thereafter an objection to the Motion for Protective Order dated January 9, 2001 was filed in this Court on January 12, 2001. On January 17, 2001 CT Page 5863 Barridon filed a Notice of Intent to argue it's Motion for Protective Order at short calendar on Monday, January 22, 2001, where it appeared as a non-arguable matter. On January 25 Barridon gave notice of its intent to argue the Motion for Protective Order filed by Quality Tech which motion appears on the short calendar for Monday, January 29. January 25th, the date on which this was filed, is the day before a long weekend with the following Monday being January 29th. The Court received this file on January 29th at the short calendar and ruled on the objection February 1, 2001. As happens occasionally, it appears that a Notice of Intent to argue was not in the file at that time. Incidentally, all of the papers mentioned were loose in the file.
This file appeared on the short calendar again on April 9, 2001 unmarked as arguable or non-arguable. Both counsel appeared before the Court having been sent there by Judge Peck. After some discussion as to the state of file it was agreed by the parties and by the Court that the Court would, and did, withdraw its ruling as to the objection and the matter would be heard by the Court from "scratch". The Court then heard argument by both counsel.
As a result of the arguments of counsel the Court rules as follows: First, the plaintiff may re-notice the defendants depositions; second, the request for protective order is denied, the defendant must provide all of the information requested except that with reference to document request #6 and #7. There will be no obligation to furnish information referred to in Practice Book Sec. 13-3 and, of course, there will be no obligation to furnish the privileged documents or information. The information required in Sec. 13-3 will have to be presented in a separate motion as sought by the plaintiff. If any controversy exists with reference to whether or not information is privileged, this also will have to be brought before the Court on a separate motion. The information sought in documents 2, 3, and 7, although broad in concept, is limited to matter pertiment to the issues before the Court in this case.
Hale, TJR